NOT DESIGNATED FOR PUBLICATION

No. 119,835

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of L.C.,
A Minor Child.

MEMORANDUM OPINION

Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Opinion filed March 29, 2019. Appeal dismissed.

*Rachel I. Hockenbarger*, of Topeka, for appellant natural mother.

*Kate Duncan Butler*, assistant district attorney, and *Charles Branson*, district attorney, for appellee.

Before GARDNER, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM:  K.D. has appealed an order of the Douglas County District Court temporarily placing L.C., her minor son, in the custody of the State because he otherwise would have been without appropriate adult care and supervision. The district court has since adjudicated L.C. to be a child in need of care and extended his placement as a ward of the State, effectively superseding the temporary custody order and rendering any legal dispute about it moot. Appellate courts typically do not consider issues that have become moot. Nothing marks this dispute as atypical, so we dismiss K.D.'s appeal.

The State filed a petition on June 13, 2018, because L.C., who was about a year old, appeared to be in need of care. K.D. had made statements suggesting she intended to harm herself and possibly L.C. As a result, K.D. was involuntarily committed to

1

Osawatomie State Hospital. L.C.'s father had never been involved in his care and could not be located. The district court held a hearing on June 13 to determine the temporary placement of L.C. K.D. participated in the hearing through a video connection with the hospital and had a lawyer appointed to represent her.

As provided in K.S.A. 2018 Supp. 38-2243(f), the district court found probable cause to believe the health and welfare of L.C. would be endangered without the care and supervision of an adult given his age. The district court directed that the Kansas Department for Children and Families (DCF) take temporary custody of L.C.

An order of temporary custody is by name and design interlocutory. But under K.S.A. 2018 Supp. 38-2273(a), an interested party, such as a parent, may appeal the order. K.D. filed a notice of appeal on July 12. An appeal of an interlocutory order in a child in need of care case does not halt further proceedings in the district court. K.S.A. 2018 Supp. 38-2273(f). The district court held an adjudication hearing on August 31 and found by clear and convincing evidence that L.C. was in need of care because he was without adequate parental care and was otherwise without the care necessary for his physical, mental, or emotional health. See K.S.A. 2018 Supp. 38-2202(d)(1), (d)(2). The district court also found L.C. should remain in DCF custody. K.D., personally and through her lawyer, participated in the adjudication hearing.

The adjudication of L.C. as a child in need of care factually and legally supplanted the temporary custody order. At the adjudication hearing, the State had to show L.C. lacked appropriate parental care and had to establish the need for an alternative placement for him as social service agencies implemented a family reintegration plan. The State had to prove those circumstances by clear and convincing evidence rather than merely by probable cause, the evidentiary standard for placing L.C. in temporary custody with DCF. See K.S.A. 2018 Supp. 38-2250.

2

As of August 31, the district court's adjudication order governed the placement of L.C. and his legal relationship with K.D. The temporary custody order no longer had any effect on the placement or the legal relationship, so any error in its issuance became, in a word, moot. A legal dispute is moot when "the actual controversy has ended" and a court ruling "would not impact any of the parties' rights." *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009). That's the posture we are in here with respect to the temporary custody order. Even if we ruled the district court erred in issuing that order, our ruling would not change the present legal relationship between L.C. and K.D. In *In re A.E.S.*, 48 Kan. App. 2d 761, 765-66, 298 P.3d 386 (2013), this court held that an adjudication of a child as being in need of care typically would render an earlier temporary custody order moot. Courts refrain from deciding moot issues because any ruling effectively amounts to an impermissible advisory opinion. See *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, Syl. ¶ 15, 179 P.3d 366 (2008) (A court will not consider issues that have become moot.). We typically dismiss an appeal that has become moot.

Appellate courts recognize a limited exception to the mootness rule if an appeal presents an issue of broad public importance or otherwise involves a systemic problem that likely will regularly recur in the absence of a corrective judicial decision. See *State v. DuMars*, 37 Kan. App. 2d 600, 605, 154 P.3d 1120 (2007). K.D. has not raised that kind of challenge here. She simply says the district court got it wrong in entering a temporary custody order given the particular circumstances.

In concluding our review, we express a measure of frustration with this appeal. K.D. did not file a brief until December 2018—months after the adjudication of L.C.— partly because she changed lawyers. In her brief, K.D. cited *In re A.E.S.* for a proposition other than its holding on mootness. The State argued mootness in its responsive brief. But K.D. has never acknowledged this appeal might be moot or, more to the point, offered some reasoned argument as to why it isn't moot. If the lawyer concluded there were no

colorable rejoinder to the State's position, she really had an obligation to voluntarily dismiss this appeal. See Supreme Court Rule 5.04(a) (2019 Kan. S. Ct. R. 32).

Because any purported deficiency in the temporary custody order is now moot and has been since last August, we dismiss this appeal.